4 F.3d 997
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Shaheed Taalib'din MADYUN, Plaintiff-Appellant,
v.
Gary R. McCAUGHTRY, et al., Defendants-Appellees.
 No. 92-1906.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 7, 1993.*
Decided Sept. 14, 1993.
 
 Before BAUER, Chief Judge, POSNER, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Shaheed Madyun filed a thirty-two page typed complaint against various prison officials under 42 U.S.C. Sec. 1983. Upon considering Madyun's request to proceed in forma pauperis the court found that the complaint did not satisfy Rule 12.02 of the Local Rules for the Eastern District of Wisconsin and so dismissed the case without prejudice. Rule 12.02 requires all prisoners suing under Sec. 1983 to file their complaints on court-approved forms. Madyun did not use the proper form, and though Rule 12.02 leaves the court discretion to accept non-form complaints, it chose not to do so here.
 
 
 2
 Madyun raises two challenges to that decision. First, he complains that by refusing to accept his complaint the judge effectively prevented this case from ever being decided on the merits. That is because he has no money for photocopying and the prison will not lend him any more,[1] meaning he would be unable to make the copies necessary to properly serve all of the defendants named in his complaint. Rule 12.02, however, requires the clerk of the court to provide the required forms, and directions for their preparation, free of charge. Plaintiff could fill out each form himself and thus avoid the cost of copying if he needs to. Once that complaint is filed Madyun, if still broke, could ask the district court to find a way to accommodate him and let the case proceed, e.g., by letting him file fewer copies than usual or by ordering the prison to provide him with copies.
 
 
 3
 The second argument is that the district court has applied Rule 12.02 inconsistently, and so should be reversed here. In an earlier case Madyun filed another complaint without using the proper form, but instead of dismissing under Rule 12.02 the very same judge considered the merits of the case before finding it frivolous. Plaintiff wonders why the court acted differently in the two cases. The answer is that Rule 12.02 grants a court discretion to accept non-form complaints in certain cases. The complaint in the earlier case was only eleven pages long, while the complaint here stretched to thirty-two pages. That difference could certainly explain the different approaches taken by the court; there may be no harm in examining a short complaint on the merits, but at some point overly verbose plaintiffs must be reined in.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiff-appellant has filed such a statement. Upon consideration of that statement the court has concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 Under Wis.Stat. HSS Sec. 309.51 state prisons are authorized to lend inmates up to $200 each year for paper, photocopies, or postage necessary to carry on a legal action. Madyun exceeded the $200 limit when making copies of his lengthy complaint in this case